IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD J. REES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-cv-274-CJP[1] |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**Proud, Magistrate Judge:**

This matter is now before the Court on the parties' joint Motion for Remand.  **(Doc. 39)**.

The parties agree that this case should be remanded to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order.  See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).   Upon a sentence four remand, judgment should be entered in favor of plaintiff.   *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993).

The parties stipulate that, on remand, an ALJ will do the following:

> The parties agree that, on remand, an Administrative Law Judge (ALJ) will further evaluate the opinion evidence of record, but not

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 10.

include any testimony from the October 20, 2010 hearing. If the ALJ gives significant weight to any doctor's opinion, yet rejects certain portions of that doctor's opinion, the ALJ will explain why s/he rejected those portions of the opinion. The ALJ should also further evaluate Plaintiff's residual functional capacity and if necessary, whether Plaintiff's drug and alcohol abuse is material to any finding of disability. If necessary, the ALJ should obtain vocational expert evidence to determine whether Plaintiff can perform any other work.

The Court notes that plaintiff applied for benefits almost six years ago. (Tr. 16). His case has already been remanded once pursuant to sentence six of 42 U.S.C. § 405(g) because the transcript of the evidentiary hearing was inaudible. See, Doc. 15. While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this matter on remand to the extent practicable.

For good cause shown, the parties' joint Motion for Remand **(Doc. 39)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying Ronald J. Rees' application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence **four** of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED:  February 5, 2015.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**